**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

JOHN W. JENNISON,

Plaintiff,

vs.

SAN DIEGO COUNTY SHERIFF DEPUTY C. CRAWFORD, et al.,

Defendants.

CASE NO. 16cv1889-LAB (DHB)

**ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS**

John Jennison filed a motion to proceed in forma pauperis to commence an action against two police officers for falsely arresting him for driving under the influence. Courts may authorize the commencement of an action without prepayment of fees where a litigant makes a showing that they're unable to pay. 28 U.S.C. § 1915. Jennison satisfied that requirement. But the Court "shall dismiss the case at any time if it determines that" the action is "frivolous," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune." *Id.* The Court finds that Jennison hasn't stated a plausible claim that he's entitled to relief under federal law.

**Background**

About a year ago, Jennison had a 40 oz. beer with lunch. Within three hours of consuming that mammoth drink, he was on the road driving his automobile. While navigating narrow turns on Highway 76, Jennison crossed the double lines on the road to avoid fishtailing—he says his station wagon was carrying a desk and a wheelchair. Officer Crawford saw Jennison driving on the wrong side of the road so he pulled him over.

Crawford observed that Jennison's eyes were "red/watery" and he "detect[ed] the smell of alcohol" on him. Jennison admitted that he had recently consumed a 40 oz. beer, but maintained that he was deliberately crossing the double lines to avoid fishtailing. California Highway Patrol Officer Ontiveros soon arrived on the scene.

Ontiveros administered field sobriety tests and "detected six (6) clues" of intoxication under the "horizontal gaze nystagmus" test (HGN). Jennison maintains that he performed the other field sobriety tests without a problem, but concedes that his blood alcohol content (BAC) was "arguably" between ".04 and .059" at the time of the field sobriety tests. He refused to submit to a breathalyzer.

Officer Ontiveros arrested Jennison for driving under the influence. When the officer dropped Jennison off at the Vista Detention Center—about two to six hours later—Jennison had his blood alcohol content tested. The results showed a BAC of .03. Jennison was released.

Jennison has now sued the officers alleging five state law claims and one federal claim for an unreasonable seizure in violation of his rights under the Fourth and Fourteenth Amendment.

**False Arrest**

To state a claim for an unreasonable seizure, or false arrest, Jennison needed to allege that the officers lacked probable cause for arresting him. "Probable cause arises when an officer has knowledge based on reasonably trustworthy information that the person arrested has committed a criminal offense." *McSherry v. City of Long Beach*, 584 F.3d 1129, 1135 (9th Cir. 2009). Even accepting Jennison's version of the story as true, he's failed to plead facts that show the officers lacked probable cause.

To begin with, Jennison's complaint contains admissions that he violated two California laws. Jennison admits that he was driving on the wrong side of the road. Cal. Veh. Code § 21460(a). Based on that violation alone, Officer Crawford had probable cause to stop Jennison and issue him a citation. Jennison therefore hasn't plausibly alleged that Officer Crawford lacked probable cause.

Jennison also admits that he was driving after consuming 40 oz. of alcohol—that's roughly four drinks. He doesn't deny that when the officer pulled him over he had red and watery eyes, thick speech, smelled like alcohol, and that the officer detected six signs of impairment using the HGN test. Jennison even concedes that his BAC may have been as high as .59 during the stop. Probable cause is based on probabilities, *Illionis v. Gates*, 462 U.S. 213, 232 (1983), and Jennison's symptoms of intoxication and admission that he had been drinking, coupled with his refusal to submit to a breathalizer, provided probable cause for Officer Ontiveros to arrest him for drunk driving. Cal. Veh. Code § 23152.

Jennison maintains that he can explain all of these guilty circumstances: He was on the wrong side of the road to avoid fishtailing; his eyes were red from staring at a computer screen; his speech was thick because he bites his tongue; the HGN test may not have been accurate because he was sitting down; he smelled like alcohol because he drank at lunch, but he's a big guy—his BAC couldn't have been that high. Even assuming all of these explanations ring true, they don't eradicate probable cause. Likewise, they are unlikely to surmount the officers' obvious defense of qualified immunity.

Jennison also advances a second, more insidious theory of police misconduct—that what's really going on here is that Officer Crawford is out to get him. Jennison alleges that before this arrest, Officer Crawford had encountered him while serving a warrant at the motor home compound where Jennison lives. According to Jennison, Crawford asked him if he was on methamphetamine, and when Jennison's dog barked at Crawford, the officer pepper sprayed the dog.

Several residents of the motor home compound were arrested on drug charges and outstanding warrants. Although Jennison wasn't one of those arrested, he maintains that Crawford pulled him over, and had Ontiveros arrest him, as part of an effort to harass him. To bolster this allegation, Jennison relates that he "observed from the back seat of the patrol car that Deputy Crawford and Officer Ontiveros talked, smiled, and shook hands (as if they were concluding a mutually pleasing deal) just before Deputy Crawford left the scene." But the retaliation theory is predominantly speculation on Jennison's part, and not the stuff on

which a competent civil complaint may be based. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Jennison's complaint fails to state a claim for relief under federal law, and the Court declines to exercise supplemental jurisdiction over his state claims. If Jennison believes he can fix the problems the Court has identified by amending his complaint, he may do so by or before **April 21, 2017**. If he fails to file an amended complaint, the Court will dismiss this action. Jennison's motion to proceed in forma pauperis is **DENIED**.

**IT IS SO ORDERED**.

DATED: March 31, 2017

**HONORABLE LARRY ALAN BURNS**
United States District Judge